UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MADALYN PEDROSA,

                             Plaintiff,                            Case No. _____

     -against-

                                                            **COMPLAINT**
WEXLER DERMATOLOGY, P.C., PATRICIA WEXLER, M.D.,
EUGENE WEXLER, M.D., SHARI GOLDSTEIN-BEHAR,
and JENNIFER DEO, in their personal and professional     **Jury Trial Demanded**
capacities,

                            Defendants.
-------------------------------------------------------------------------------X

      MADALYN PEDROSA ("Plaintiff"), by and through her attorneys, BERLINGIERI LAW,

PLLC, as and for Complaint against WEXLER DERMATOLOGY, P.C., PATRICIA WEXLER,

M.D.,EUGENE WEXLER, M.D., SHARI GOLDSTEIN-BEHAR, and JENNIFER DEO in their

professional and individual capacities, alleges upon knowledge and belief as to herself and her

own actions and upon information and belief as to all other matters as follows:

                         **NATURE OF THE CASE**

      1.     This is a civil action for damages and equitable relief based upon willful violations

that the Defendants have committed of Plaintiff's rights guaranteed to her by: (i) discrimination

based on disabilities under The Americans With Disabilities Act, 42 U.S.C. of 1990 § 12101, et

seq., as amended ("ADA"); (ii) retaliation under the ADA; (iii) discrimination based on disability

under, Article 15 of the Executive law the New York State Human Rights Law ("NYSHRL") §

296, et seq.; (iv) retaliation under NYSHRL; (v) aiding and abetting discrimination under

NYSHRL; (vi) public accommodation discrimination based on disability under NYSHRL §

296(2), (vii) retaliation in public accommodation under NYSHRL, (viii) discrimination based on

disability under the New York City Human Rights Law ("CHRL") § 8-107 et seq., New York City

Admin. Code, Ch. 1 - § 8-107; (ix) retaliation under CHRL; (x) aiding and abetting discrimination

under CHRL; (xi) interference with rights under CHRL; (xii) supervisory liability under CHRL 8-

107(13); (xiii) public accommodation discrimination based on disability under the CHRL § 8-

107(2), (xiv) retaliation in public accommodation under CHRL; (xv) the requirement that

employers furnish employees with wage notices at the time of hire or annually containing specific

categories of information under NYLL § 195(1); (xvi) breach of the covenant of good faith and

fair dealing; (xvii) negligent supervision, hiring, retention and training; (xviii) negligence

*respondeat superior*; and claims as to individual defendants Goldstein-Behar and Deo only for,

(xix) negligent infliction of emotional distress and (xx) prima facie tort; (xxi) any other claims(s)

that can be inferred from the facts set forth herein.

2.      Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive

damages; attorney's fees and the costs of this action; together with any and all other appropriate

legal and equitable relief pursuant to applicable state and federal law.

3.      Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction as this case involves a federal question under  the ADA, 28

U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5.      This Court has supplemental jurisdiction under the State laws of the State of New York

and City of New York. This Court has supplemental jurisdiction over Plaintiff's related claims

arising under NYSHRL an CHRL and any and all state and local law pursuant to 28 U.S.C. §1367

(a).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of her employment, and Defendant was and is located in this District.

7.      Plaintiff filed claims for employment discrimination against Defendant Wexler with the New York City Commission on Human Rights and Opportunities ("CCHR") and the Equal Employment Opportunity Commission ("EEOC") on or about April 9, 2021, (CCHR Case No. M-CE -08D-21-92071-D and EEOC No. 16F-2021-00253-C respectively).

8.      On or about August 13, 2021, Plaintiff filed a Charge of Discrimination in public accommodation against Defendant Wexler, Patricia Wexler and Eugene Wexler, with the CCHR (CCHR Case No. M-CE -08D-21-92071-D).

9.      On June 17, 2022, the EEOC issued a Notice of Right to Sue letter. (Attached as Exhibit A).

10.      On April 25, 2022, the New York City Commission on Human Rights issued Notices of Administrative Closure for the CCHR employment and public accommodation cases respectively. (Attached as Exhibit B).

## THE PARTIES

11.      At all times relevant to this Complaint, Plaintiff was and is an individual residing in the County of New York, State of New York.

12.      Defendant Wexler Dermatology, P.C. ("Wexler" or "employer defendant") was and is a professional corporation operating as a dermatology medical practice organized and existing under and by virtue of the laws of the State of New York.

13.     Defendant Wexler is located at 145 East 32nd Street, 7th Floor, New York, New York 10016.

14.     Upon information and belief, at all times relevant to this Complaint, Defendant Wexler has employed twenty (20) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year and meets the definition of an "employer" under the ADA and all applicable state and local statutes.

15.     Upon information and belief, at all times relevant to this Complaint, Defendant Wexler is a "place of public accommodation" as defined by the NYSHRL and CHRL, as Wexler is a medical practice open to the public that provides services to the public.

16.     Upon information and belief, Defendant Patricia Wexler, M.D. ("Patricia Wexler") was and is a principal of Wexler and is a licensed dermatologist and medical doctor.

17.     Upon information and belief, at all times relevant to this Complaint, Defendant Patricia Wexler, was and is a resident of the State of New York.

18.     Upon information and belief, Defendant Eugene Wexler, M.D. ("Eugene Wexler") was and is a principal of Wexler and is a licensed dermatologist medical doctor.

19.     Upon information and belief, at all times relevant to this Complaint, Defendant Eugene Wexler was and is a resident of the State of New York.

20.     Upon information and belief, Defendant Shari Goldstein-Behar ("Goldstein-Behar"), was and is Wexler's practice manager.

21.     Upon information and belief, at all times relevant to this Complaint, Defendant Goldstein-Behar was and is a resident of the State of New York.

22.    Upon information and belief, Defendant Jennifer Deo ("Deo"), was and is a licensed registered nurse, R.N. and is Wexler's clinical director.

23.    Upon information and belief, at all times relevant to this Complaint, Defendant Goldstein-Behar was and is a resident of the State of New York.

## BACKGROUND FACTS

24.    Plaintiff worked as a medical assistant for Wexler from approximately November 12, 2019 until the termination on December 16, 2020.

25.    Plaintiff tested positive for COVID-19 on or about December 13, 2020 which required her to self-quarantine for ten days.

26.    COVID-19 is a disability as defined under the ADA, NYSHRL and CHRL.

27.    Plaintiff was a patient at Wexler and sought medical treatment for her disability of alopecia areata at Wexler from approximately May 2020 until Wexler dismissed Plaintiff as a patient indefinitely starting on December 16, 2020.

28.    Alopecia areata is a disability as defined under the ADA, NYSHRL and CHRL.

29.    During her employment, Plaintiff did not have any performance issues and did not have any disciplinary write-ups.

30.    Plaintiff was an exceptional employee who was well liked by patients and staff.

31.    On or about Saturday, December 12, 2020, Wexler's Practice Manager Goldstein-Goldstein-Behar and Clinical Director Jennifer Deo, RN ("Deo") called Plaintiff and informed her that one of Wexler's dermatologists tested positive for COVID-19 and they advised Plaintiff that she should get a COVID-19 test.

32.     The following day, on or about Sunday, December 13, 2020, Plaintiff took a COVID-19 test and the results came back as positive for COVID-19.

33.     That same day, on or about Sunday, December 13, 2020, Plaintiff notified Goldstein-Behar and Deo and sent them a doctor's note of the positive COVID-19 test results and the requirement that Plaintiff self-quarantine for ten days until December 23, 2020.

34.     On or about December 16, 2020 – merely three days after Plaintiff tested positive for COVID-19 and informed Wexler of the test results – Defendants terminated Plaintiff's employment and dismissed Plaintiff as a patient.

35.     On or about December 16, 2020, Defendants Goldstein-Behar and Deo on behalf of Wexler sent Plaintiff a termination letter stating that Plaintiff's employment is "being terminated effective December 16, 2020" and Wexler "will be dismissing you as a patient."

36.     The December 16, 2020 letter also states "The reason for this separation is a result of your failure to follow office policy, procedures and guidelines that has [sic] placed our staff and patients at risk."

37.     Defendants Goldstein-Behar and Deo failed to specify to Plaintiff what purported Wexler office policy, procedures and guidelines Plaintiff allegedly ran afoul of, and further failed to specify with any degree of medical or logical certainty how Plaintiff allegedly placed Wexler's staff and patients at risk.

38.     Defendants Goldstein-Behar and Deo never provided Plaintiff a copy of the alleged office policy, procedures and guidelines that Plaintiff supposedly violated.

39.     Defendants failed to issue employees guidance during the COVID-19 pandemic with respect to quarantine policies or other COVID-19 related information regarding testing positive and taking quarantine leave and returning to work.

40.     Defendants  Goldstein-Behar and Deo never explained how Plaintiff placed Wexler's staff and patients at risk.

41.     Defendants Goldstein-Behar and Deo maliciously blamed Plaintiff for spreading COVID-19 in their office with no proof, with the tacit support and approval of Defendants Patricia and Eugene Wexler.

42.     Defendants Goldstein-Behar and Deo made deceptive and false comments to Plaintiff at her termination meeting regarding her testing positive for COVID-19 and her supposedly putting the office at risk and even blamed Plaintiff for giving COVID-19 to a medical doctor at the practice, despite the fact that said doctor regularly interacted with patients, staff and the public, yet with no proof other than rank speculation Defendants Goldstein-Behar and Deo insisted that Plaintiff was a super spreader of COVID-19 at the office and that's why she was terminated.

43.     Defendants Patricia and Eugene Wexler by act or omission condoned Defendants Goldstein-Behar and Deo tortious and discriminatory conduct towards Plaintiff simply because she had tested positive for COVID-19 and took two days of quarantine leave.

44.     Defendants Patricia and Eugene Wexler created the alleged office policy, procedures and guidelines which are discriminatory in employment and public accommodation with respect to their application to individuals who test positive for COVID-19 and take quarantine leave.

45.     During December 2020, New York City was in the second wave of COVID-19 variants and was experiencing an uptick in positive cases, it strains credulity to assert that Plaintiff caused

or even contributed to the spread of COVID-19 at the office when others Wexler doctors and staff contracted COVID-19 irrespective of interaction with Plaintiff.

46.     Defendants acted with malice when making such false statements to Plaintiff regarding her alleged exposure of COVID-19 to staff and patients of the practice.

47.     The science indicates that due to the population of New York City and the positivity rate, one individual such as Plaintiff who contract COVID-19 would have a *de minimis* effect, if any, on the positivity rate of the practice's staff or patients, given the surrounding positivity rate of COVID-19 in New York City as a whole during December 2020.

48.     Defendants discriminated against Plaintiff by failing to accommodate her request for a 10 day disability leave to quarantine as directed by the then prevailing Centers for Disease Control ("CDC") guidelines which required a quarantine period.

49.     Defendants failed to engage in the interactive process with Plaintiff with respect to her request for reasonable accommodation regarding her positive COVID-19 test result and her need to quarantine due to CDC guidance.

50.     At the time of Plaintiff's contraction of the COVID-19 virus, request for quarantine and termination, vaccines for COVID-19 were not available.

51.     Plaintiff engaged in protected activity under the ADA, NYSHRL and CHRL by requesting quarantine for her COVID-19 diagnosis.

52.     Defendants terminated Plaintiff only days after engaging in protected activity by requesting quarantine for her COVID-19 diagnosis and taking two days of leave.

53.     Plaintiff was ready willing and able to return to work for Wexler (and be a patient of the Wexler practice) after her quarantine period for her COVID-19 diagnosis.

54.     Plaintiff was denied the ability to return to work and be a patient of the practice due to contracting COVID-19 and requesting and taking two days of quarantine leave.

55.     Defendants discriminated against plaintiff on the basis of her disability, request for accommodation and for testing positive for COVID-19 and exhibiting no signs of COVID-19, symptoms such as fever, chills, cough, shortness of breath, or sore throat.

56.     Defendants terminated Plaintiff as an employee and patient of the practice based on the false premise that Plaintiff spread COVID-19 to staff and patients at the office without a shred of evidence to support their position.

57.     Defendants Patricia Wexler and Eugene Wexler condoned Defendant Goldstein-Behar and Deo's tortious behavior towards Plaintiff.

58.     Defendants Patricia Wexler and Eugene Wexler by act or omission directed Defendant Goldstein-Behar and Deo's termination of Plaintiff.

59.     Defendants Patricia Wexler and Eugene Wexler failed to adequately train, manage or supervise its midlevel managers such as Defendant Goldstein-Behar and Deo,

60.     Defendants Patricia Wexler and Eugene Wexler as medical doctors failed to take into consideration the general risk of all individuals in New York City with respect to COVID-19 in December 2020, and blamed Plaintiff for contracting COVID-19 and allegedly spreading it to a doctor of the practice with no medical or scientific proof to support such and unfounded conclusion.

61.     Defendants Patricia Wexler and Eugene Wexler failed to implement policies with respect to COVID-19 testing and quarantine applicable to Plaintiff in or around December 2020.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT
## (Not against any individual Defendants)

62.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

63.     Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

64.     SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

65.     Defendant violated the section cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of her sex, disability and for having complained of discrimination.

66.     Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT
## (Not against any individual Defendants)

67.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

68.     SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

69.     Defendant violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

70.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

71.     Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

72.     Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her disability, request for accommodation and caused a hostile work environment.

73.     Plaintiff hereby makes a claim against Defendant s under all of the applicable paragraphs of Executive Law Section 296.

**AS A FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

74.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

75.     New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

76.     Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

77.     Defendants violated the above section as set forth herein.

**AS A FIFTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL INDIVIDUAL DEFENDANTS)**

78.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of the complaint.

79.     New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

80.     Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

81.     Defendants violated the above section as set forth herein.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION IN PUBLIC ACCOMMODATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

82.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

83.     Executive Law § 296(2) provides that "2. 2. (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, marital status, victim of domestic violence, of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, including the extension of credit, or, directly or indirectly, to publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability or marital status, or that the patronage or custom threat of any person of or purporting to be of any particular race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex or marital status, or having a disability is unwelcome, objectionable or not acceptable, desired or solicited.

84.     Defendants denied Plaintiff the ability to enjoy freedoms of public accommodation free from discrimination when Defendants terminated Plaintiff as a patient from Wexler Dermatology and prohibited her from returning or seeking dermatology services at Wexler Dermatology.

85.     The individual Defendants named herein acted in concert to discriminate against Plaintiff in public accommodation.

86.     Plaintiff hereby makes a claim against Defendant s under all of the applicable paragraphs of Executive Law Section 296(2).

87.     Defendants violated the above section as set forth herein.

**AS A SEVENTH CAUSE OF ACTION
FOR RETALIATION IN PUBLIC ACCOMMODATION UNDER
NEW YORK STATE LAW
(AGAINST ALL DEFENDANTS)**

88.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

89.     New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

90.     Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff by terminating her and banning her from Wexler Dermatology.

91.     Defendants violated the above section as set forth herein.

**AS AN EIGHTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

92.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

93.     The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the

14

actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

94.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's disability and requests for accommodation.

95.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

96.     Defendants violated the above section as set forth herein.

**AS A NINTH CAUSE OF ACTION
FOR RETALIATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

97.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

98.     The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

99.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

100.    Defendants violated the above section as set forth herein.

**AS A TENTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL INDIVIDUAL DEFENDANTS)**

101.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

102.    The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

103.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

104.    Defendants violated the above section as set forth herein.

**AS AN ELEVENTH CAUSE OF ACTION**
**FOR INTERFERENCE WITH PROTECTED RIGHTS UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL INDIVIDUAL DEFENDANTS)**

105.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

106.    Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

107.    Defendants violated the above section as set forth herein.

16

<u>**AS A TWELFTH CAUSE OF ACTION**</u>
<u>**FOR DISCRIMINATION UNDER**</u>
<u>**THE NEW YORK CITY ADMINISTRATIVE CODE**</u>
<u>**(AGAINST ALL DEFENDANTS)**</u>

108.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

109.    Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent or Independent Contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

110.    Defendants violated the above section as set forth herein.

## AS A THIRTEENTH CAUSE OF ACTION
## FOR DISCRIMINATION IN PUBLIC ACCOMMODATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

111.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

112.    Section 8-107(4) states: "4.    Public accommodations. a.    It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: 1.    Because of any person's actual or perceived race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation, uniformed service or immigration or citizenship status, directly or indirectly: (a)   To refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation; or  (b)   To represent to any person that any accommodation, advantage, facility or privilege of any such place or provider of public accommodation is not available when in fact it is available; or 2.    Directly or indirectly to make any declaration, publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that:   (a)    Full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, facilities and privileges of any such place or provider of public accommodation shall be refused, withheld from or denied to any person on account of race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation, uniformed service or immigration or citizenship status; or  (b)   The patronage or custom of any person is unwelcome, objectionable, not acceptable, undesired or unsolicited

because of such person's actual or perceived race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation, uniformed service or immigration or citizenship status.  b.   Notwithstanding the foregoing, the provisions of this subdivision shall not apply, with respect to age or gender, to places or providers of public accommodation where the commission grants an exemption based on bona fide considerations of public policy.  c.   The provisions of this subdivision relating to discrimination on the basis of gender shall not prohibit any educational institution subject to this subdivision from making gender distinctions which would be permitted (i) for educational institutions which are subject to section 3201-a of the education law or any rules or regulations promulgated by the state commissioner of education relating to gender or (ii) under sections 86.32, 86.33 and 86.34 of title 45 of the code of federal regulations for educational institutions covered thereunder. d.   Nothing in this subdivision shall be construed to preclude an educational institution—other than a publicly-operated educational institution—which establishes or maintains a policy of educating persons of one gender exclusively from limiting admissions to students of that gender.      e.   The provisions of this section relating to disparate impact shall not apply to the use of standardized tests as defined by section 340 of the education law by an educational institution subject to this subdivision provided that such test is used in the manner and for the purpose prescribed by the test agency which designed the test. f.   The provisions of this subdivision as they relate to unlawful discriminatory practices by educational institutions shall not apply to matters that are strictly educational or pedagogic in nature."

113.    Defendants denied Plaintiff the ability to enjoy freedoms of public accommodation free from discrimination when Defendants terminated Plaintiff as a patient from Wexler Dermatology and prohibited her from returning or seeking dermatology services at Wexler Dermatology.

114.    The individual Defendants named herein acted in concert to discriminate against Plaintiff in public accommodation.

115.    Plaintiff hereby makes a claim against Defendant s under all of the applicable paragraphs of CHRIL 8-107(4).

116.    Defendants violated the above section as set forth herein.

**AS A FOURTEENTH CAUSE OF ACTION
FOR RETALIATION IN PUBLUIC ACCOMMODATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

117.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

118.    The New York City Administrative Code Title 8, §8-107(7) provides that "7. Retaliation. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, (v) requested a reasonable accommodation under this chapter, or ([v]vi) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter. The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment, housing or a public accommodation or in a materially adverse change in the terms and conditions of employment, housing, or a public accommodation, provided, however, that the

retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity."

119.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer and because Plaintiff requested a reasonable and sought to avail herself as a patient to the Wexler Dermatology practice as place of public accommodation.

120.    Defendants violated the above section as set forth herein.

121.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

**AS A FIFTEENTH CAUSE OF ACTION
FOR VIOLATION OF SEC. NYLL 195-1
(Not against any individual Defendants)**

122.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

123.    As described above, Defendant Wexler Dermatology was an employer within the meaning of the NYLL, while Plaintiff was an employee within the meaning of the NYLL.

124.    Defendant failed to furnish Plaintiff with a wage notice at the time of her hire on or about November 12, 2019, that accurately contained all of the criteria that the NYLL requires.

125.    On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

126.    Defendants violated the above section as set forth herein.

## AS A SIXTEENTH CAUSE OF ACTION
## FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Not against any individual Defendants)

127.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

128.    The contractual relationship between the plaintiff and defendant included an implied covenant of good faith and fair dealing.

129.    Based on said Covenant, Plaintiff has a reasonable expectation that the Defendant employer would treat the Plaintiff fairly and perform its obligation with fairness and good faith.

130.    Defendant's bad faith impeded the plaintiff's ability to either perform her duties of employment or avail herself of the full benefits of employment.

131.    The Defendant engaged in bad faith, as a consequence of agents and employees having engaged in retaliation, discrimination, harassment and creating and maintaining a hostile work environment.

132.    By virtue of the defendant's actions, Plaintiff has been denied the reasonable opportunity to perform his obligation under her at-will contract for employment with the defendant.

133.    The bad faith acts of the Defendant as alleged do not represent legitimate business decisions.

134.    The terms of employment did not permit the Defendant 's actions and omissions with respect to the Plaintiff's employment.

## AS A SEVENTEENTH CAUSE OF ACTION
## FOR NEGLIGENT SUPERVISION, HIRING, RETENTION AND TRAINING
### (Not against any individual Defendants)

135.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

136.     The Defendants are responsible for the training and supervision of all employees, agents, contractors and subcontractors who manage the premises including but not limited to the Restaurant and employee/patron safety and have a duty to stop/prevent unlawful and/or tortious acts from occurring on the premises.

137.     The actions of the individual Defendants are the responsibility of and are imputed to and binding upon the employer Defendant.

138.     The employer Defendant have a duty to prevent employees/servants/agents, including the individual Defendants from acting or engaging in unlawful and/or tortious conduct.

139.     The employer Defendant's negligence in hiring, supervising, and retaining employees/servants/agents that engaged in tortious and/or otherwise unlawful conduct was the direct and proximate cause of Plaintiff's injuries.

140.     The employer Defendant's owners are liable jointly and severally for damages resulting from the individuals Defendant's negligent actions/omissions.

141.     Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

142.     As a direct and proximate result of the Defendants' actions Plaintiff suffered extreme emotional distress therefrom.

## AS AN EIGHTEENTH CAUSE OF ACTION
## FOR NEGLIGENCE *RESPONDEAT SUPERIOR*
## (Not against any individual Defendants)

143.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

144.    The employer defendant owed Plaintiff a duty from employees/agents acting or engaging in unlawful and/or tortious conduct against Plaintiff.

145.    The individual defendants committed torts against Plaintiff within the scope of their employment.

146.    The harm to Plaintiff from the individual defendants' tortious conduct was foreseeable to the employer defendant.

147.    Plaintiff suffered damages as a result.

**AS A NINTEENTH CAUSE OF ACTION**
**FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(As to individual Defendants Goldstein-Behar and Deo only)**

148.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

149.    As described above, the individual Defendants knew or should have known that they intended to cause Plaintiff emotional distress.

150.    Defendants' conduct was extreme and outrageous.

151.    Plaintiff was in the zone of danger from Defendants' actions, and it could be foreseeable that their actions could or would cause emotional distress upon the Plaintiff.

152.    Defendants in perpetrating the above-described conduct, inflicted emotional distress as a result of terminating Plaintiff accusing of her of malfeasance and forcing her out of the workplace after she tested positive for COVID-19, requested a reasonable accommodation, took two days of mandatory quarantine leave and complained about how she was being portrayed as a super spreader at the office, who was allegedly dishonest, and who supposedly violated policies and put staff and patients at risk with no proof by Defendants Goldstein-Behar and Deo.

153.    Defendants Goldstein-Behar and Deo acted with malice towards Plaintiff by falsely asserting that she was a super spreader and gave COVID-19 to a doctor of the practice and put the staff and patients at risk.

154.    Defendants' actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

155.    Defendants' actions did in fact cause the Plaintiff to suffer severe emotional distress.

**AS A TWENTIETH CAUSE OF ACTION
FOR *PRIMA FACIE* TORT
(As to all Defendants)**

156.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

157.    Plaintiff has pleaded the elements of *prima facie* tort, that: (1) the defendants caused intentional infliction of harm on Plaintiff , (2) resulting in damage, and (3) without legal excuse or justification – and (4) liability could not be imposed for otherwise lawful conduct unless the conduct was contrary to public policy.

158.    Defendants caused intentional infliction of harm when defendants falsely accused Plaintiff of violating company policies, being a super spreader of COVID-19 and putting the entire office staff and patients at risk during the height of the second wave of the pandemic in December 2020, before vaccinations were availble.

159.    Plaintiff was damaged by the injurious falsehoods of Defendants which resulted in depreciation of her rights making her suffer extreme humiliation and shock.

160.    Defendants acted without legal excuse or justification.

161.    Defendants' actions were against public policy of allowing individuals (who of no fault of their own) contract COVID-19 and are required to quarantine (as per then prevailing CDC

guidance) for the greater good and to reduce transmission rates and allow infected individuals to recover and be non-symptomatic and "stop the spread."

162.    Plaintiff suffered irreparable harm to her reputation and mental well-being as a result of Defendants clearly intentional tortious conduct.

## DEMAND FOR A JURY TRIAL

163.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, New York State and New York City laws;

b.    Awarding Plaintiff all damages;

c.    Awarding Plaintiff compensatory damages;

d.    Awarding Plaintiff punitive damages;

e.    Awarding Plaintiff consequential damages;

f.    Awarding Plaintiff statutory damages;

g.    Awarding Plaintiff costs and disbursements incurred in connection with this action,    including reasonable attorneys' fees, expert witness fees, and other costs;

h.    Pre-judgment and post-judgment interest, as provided by law; and

i.      Granting Plaintiff further relief as this Court finds necessary and proper.

Dated:  September 13, 2022
New York, New York

Respectfully submitted,

By:     *Christopher J. Berlingieri*
        CHRISTOPHER J. BERLINGIERI, ESQ.
        (CB 1988)
        BERLINGIERI LAW, PLLC
        *Attorney for Plaintiff*
        244 Fifth Avenue, Suite F276
        New York, New York 10001
        Tel.:    (347) 766-5105
        Fax:     (914) 730-1044
        Email: cjb@nyctlaw.com

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website:  www.eeoc.gov

## **DETERMINATION AND NOTICE OF RIGHTS**
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/17/2022

**To:** Madalyn Pedrosa
420 West 26th Street, Apt. 8b
New York, NY 10001

Charge No: 16F-2021-00253

EEOC Representative and email:   Holly Shabazz
State and Local Manager
HOLLY.SHABAZZ@EEOC.GOV

### **DETERMINATION OF CHARGE**

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### **NOTICE OF YOUR RIGHT TO SUE**

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Judy Keenan
06/17/2022

Judy Keenan
District Director

**Cc:**

Wexler Dermatology P.C.
145 East 32nd Street
New York, New York 10016

Melissa A Rodriguez
BERLINGIERI LAW, PLLC.
Melissa@nyctlaw.com


Please retain this notice for your records.

# EXHIBIT B

CITY OF NEW YORK
COMMISSION ON HUMAN RIGHTS

In The Matter of the Complaint of

MADALYN PEDROSA,

Complainant No: M-CE-08D-21-92071-D
Federal Charge No: 16F-2021-00253C

Complainant,

NOTICE OF ADMINISTRATIVE CLOSURE

– against –

WEXLER DERMATOLOGY, P.C.,

Respondent.

**PLEASE TAKE NOTICE** that pursuant to § 8-113(a)(5) of the Administrative Code of the City of New York and Rule 1-22(a)(5) of the Rules of Practice of the City Commission on Human Rights the above-captioned case is hereby closed for administrative cause. This closure does not affect the right of aggrieved parties to file a civil action pursuant to § 8-502 of the Administrative Code of the City of New York.

Pursuant to § 8-113(f) of the Administrative Code of the City of New York and Rule 1-23 of the Rules of Practice a complainant or respondent may apply to the Office of the Chairperson for review of this closure. The request for review must be made in writing within thirty (30) days of service of this order. A copy of the request must be sent to all parties to the complaint and addressed to the Office of General Counsel, New York City Commission on Human Rights, 22 Reade Street, New York, NY 10007. The Office of General Counsel will refer the request to the Office of the Chairperson.

Dated:    April 25, 2022
          New York, NY

_____
Sapna V. Raj
Deputy Commissioner
Law Enforcement Bureau
New York City Commission on Human Rights

NOTICE TO:

Melissa Alexis Rodriguez
Berlingieri Law, PLLC
melissa@nyctlaw.com

Harpreet Kaur
Garfunkel Wild, P.C.
hkaur@garfunkelwild.com

CITY OF NEW YORK
COMMISSION ON HUMAN RIGHTS

In The Matter of the Complaint of

MADALYN PEDROSA,

Complaint No: M-P-0DO-22-102158

Complainant,     NOTICE OF ADMINISTRATIVE CLOSURE

– against –

WEXLER DERMATOLOGY, P.C., DR.
PATRICIA WEXLER, and DR. EUGENE
WEXLER,

Respondents.

**PLEASE TAKE NOTICE** that pursuant to § 8-113(a)(5) of the Administrative Code of the City of New York and Rule 1-22(a)(5) of the Rules of Practice of the City Commission on Human Rights the above-captioned case is hereby closed for administrative cause. This closure does not affect the right of aggrieved parties to file a civil action pursuant to § 8-502 of the Administrative Code of the City of New York.

Pursuant to § 8-113(f) of the Administrative Code of the City of New York and Rule 1-23 of the Rules of Practice a complainant or respondent may apply to the Office of the Chairperson for review of this closure. The request for review must be made in writing within thirty (30) days of service of this order. A copy of the request must be sent to all parties to the complaint and addressed to the Office of General Counsel, New York City Commission on Human Rights, 22 Reade Street, New York, NY 10007. The Office of General Counsel will refer the request to the Office of the Chairperson.

Dated:   April 25, 2022
         New York, NY

Sapna V. Raj
Deputy Commissioner
Law Enforcement Bureau
New York City Commission on Human Rights

NOTICE TO:

Melissa Alexis Rodriguez
Berlingieri Law, PLLC
melissa@nyctlaw.com

Harpreet Kaur
Garfunkel Wild, P.C.
hkaur@garfunkelwild.com